# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

R E C E I V E D
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NOV 2 1 2017

FILED _____
DOCKETED _____      _____
                    DATE        INITIAL

David A. Diehl _____      9th Cir. Case No. __17 - 16852__

Appellant,

                                Originating Court Case No. __4:13-CV-1996- JAS__

vs.

__A. Mendez, et all__
Appellee(s).

## APPELLANT'S INFORMAL BRIEF
### (attach additional sheets as necessary)

1.    Jurisdiction

    a.    Timeliness of Appeal:

        (i)    Date of entry of judgment or order
            of originating court: ___8-29-17___

        (ii)   Date of service of any motion made after judgment (other than
            for fees and costs): __10 17-17 ( Reconsideration )__

        (iii)  Date of entry of order deciding motion: __10-25-17__

        (iv)   Date notice of appeal filed: __9-21-17       (refile)__

        (v)    For prisoners, date you gave notice of appeal to prison
            authorities: __9-17-17__

9th Cir. Case No. __17 - 1 6 8 5 2__                              Page 2

2.    What are the facts of your case?

    See Statement of Facts, Attached.

9th Cir. Case No. __17 - 168 52__                    Page 3

3.    What did you ask the originating court to do (for example, award damages, give injunctive relief, etc.)?
Award Compensatory and Punitive damages.

4.    State the claim or claims you raised at the originating court.

1. Violated my First Amendment right to Freedom of Speech and association — Retaliation

2. Fifth Amendment right to equal protection

3. Tortuous interferance with Texas State Court order and negligent failure to investigate

5.    What issues are you raising on appeal?  What do you think the originating court did wrong?

The relevant incidents were exhausted properly and Plaintiff was not required to state the defendants names in the remedys. Nor was the Plaintiff required to specify legal claims in the remedys.

Finally, Plaintiff should have been permitted to add three dismissed defendants back into the claim, post discovery, due to evidence that shows they retaliated.

9th Cir. Case No. ___17– 168 - 52___                    Page 4

6.   Did you present all issues listed in #5 to the originating court?

   ___Yes___    If not, why not?
   Yes/No

7.   What law supports these issues on appeal?
     (You may, but need not, refer to cases and statutes.)

   See legal memolandum attached.

9th Cir. Case No. 17-168-52    Page 5

8. Do you have any other cases pending in this court? If so, give the name and docket number of each case.

NO

9. Have you filed any previous cases which have been decided by this court? If so, give the name and docket number of each case.

NO

10. For prisoners, did you exhaust all administrative remedies for each claim prior to filing your complaint in the district court?

Yes

David A. Diehl, 53214018    David a Diehl
Name    Signature
Federal Correctional Complex USP II Coleman
PO BOX 1034
Coleman, FL 33521
Address

11-13-17
Date

# CERTIFICATE OF SERVICE

Case Name: _David A Diehl_ v. _A Mendez et all_

9th Cir. Case No.: _17 - 16852_

**IMPORTANT:** You must send a copy of ALL documents filed with the Court and any attachments to counsel for ALL parties in this case. You must attach a copy of the certificate of service to each of the copies and the original you file with the Court. Please fill in the title of the document you are filing. Please list the names and addresses of the parties who were sent a copy of your document and the dates on which they were served. Be sure to sign the statement below.

I certify that a copy of the _Appellants Brief_
(title of document you are filing)
and any attachments was served, either in person or by mail, on the persons listed below.

_David A Diehl_
Signature
Notary NOT required

| Name | Address | Date Served |
|------|---------|-------------|
| J. Cole Hernandez | 405 W. Congress, Suite 4800 Tucson, AZ 85701-5040 | |

# Table of Contents

1. Jurisdictional Statement ... i
2. Issues ... ii
3. Authorities ... iii
4. Statement of Case ... 1
5. Statement of Facts ... 3
6. Argument I    Exhaustion ... 3
7. Argument II   Sean Nink ... 19
8. Argument III  Cooper ... 24
9. Argument IV   Qualictine ... 26
10. Conclusion ... 27
11. Attachments ... 28

## Jurisdiction

The district court has subject matter jurisdiction under 42 U.S.C. §1331(a) because the complaint raises a question whether the defendants violated the plaintiff's right under the United States Constitution. This court has appellate jurisdiction under 28 U.S.C. §1291 because the grant of summary judgment to the defendants is a final judgment. Judgment was entered on 8-29-17, and the plaintiff notice of appeal was filed on 9-21-17 (refiled).

Issues

I.  Did Plaintiff Exhaust Administrative Remedys

II.  Did The Court Error By Releasing Sean
     Nink From The Bivens Suit

III.  Did The District Court Error By Dismissing
      Tucson Lt. Cooper From The Bivens Suit

IV.  Did The District Court Error when It
     Dismissed BOP Central Roy Qualliotine
     From The Bivens Suit.

Authorities

Pole v. Chandler  438 F.3d 809 (7th Cir. 2006)  16

Hemphill v. New York, 380 F.3d 680 (2d Cir. 2004)  16

Miller v. Norris, 247 F.3d 736 (8th Cir. 2001)  16

Alwood v. Randt, 2006 W.L. 2639857 (N.D. Ind. 2006)  16

Jones v. Block, 549 U.S. 199 (2007)  17

Lugo v. Van Orden, 2008 WL 2884925 (N.D. NY 2008)  17

iii

David A. Diehl V. A. Mendez et all    17-16852

## Statement Of The Case

On December 2, 2013 Plaintiff filed a Bivens complaint against USP Tucson staff members. On 8-22-14 Plaintiff was ordered to amend the complaint. In September 2014 Plaintiff submitted the amended complaint. On February 9, 2015 the Court dismissed several defendants, retaining SIA Mendez, and unit manager Hansen only. The only count retained was one of retaliation, based on violating Plaintiff's First Amendment right to speech and association, and access to the courts. On Nov 10, 2016 the court filed its order for the discovery schedule.

Following discovery, Plaintiff filed a motion for leave to re-add BOP Case Manager Sean Nink to the case. On March 7, 2017 the government objected (Doc 101). At or around this time the government also filed a supplemental discosure with highly relevant new information. The court ruled against the motion to add Sean Nink, (DOC 103).

On April 4, 2017 the defendants filed

1

a motion for summary judgement, (Doc 106) with a statement of facts (Doc 108, 110). On April 24, 2017 Plaintiff filed his motion to deny the motion for summary judgement (as untimely and furthermore) to add two additional defendants to the suit. See Doc 113 and 114).[1] The names of the two defendants were Lt. (FNU) Cooper, and Roy Avaliotine. On May 31, 2017 the Court denied Plaintiff's motion (Doc 124-1).

On August, 29 2017 the Court entered an order dismissing Plaintiffs Bivens Complaint on grounds Plaintiff failed to exhaust administrative remedies. (Doc 138-1).

On September 21, 2017 Plaintiff filed a notice of appeal along with a motion to proceed in forma Pauperies.[2] On October 15, 2017 Plaintiff sent requests to both the Court and the defendants for record excerpts. To date no reply has been forth comming.

1. This was submitted as a single motion.
2. To the district Court along with financial forms filled out.

2

## Plaintiffs Declaration

### I. Did the Plaintiff exaust necessary remedy's

#### Facts

Plaintiff submitts the following declaration in support of the fact he exhausted appropriatly all administrative remedy's relevant to his retaliation claims. The court in its order dismissing Plaintiffs suit relys on BOP record administer Leri Mitchells avidavit. On page 6 of such affidavit Mrs. Mitchell declared that plaintiff filed a total of 44 administrative remedys. It should be noted up front that each step in the grievance process counts in the 44 total, and the retaliation actions taken against plaintiff required multiple filings. The number 44 should be read as the effort exerted.

### Remedy 674440 - Phone Blockage

This filing by Plaintiff doesn't actually concern the retaliation suit. Apparently Plaintiff's ex-wife Keri Jenkins, called in to USP Tucson requesting a phone block for certain days and was told that wasn't possible. She denies asking for her phone to be blocked, but defendants caused it to be blocked in any event.

On page 6 @ 7 of Lorri Mitchell's affidavit she asserts Plaintiff did not exhaust 674440, this however is false. In particular the regional office was required to respond to Plaintiff's BP-10 filing by the due date of May 10, 2012, so Plaintiff simply proceeded to the next level by filing his BP-11 to BOP Central. See exhibit E5, UPS tracking number 701 2047 0000 1687 6704 delivered on May-21-2012. See copy of package cover at E5-2. See the attachment A1 which is an acknowledgment of receipt for the regional BP-10 receipt, signed by plaintiff on May 23, 2012. Note however that May 23, 2012 is ten days after the due date. Plaintiff is not required to wait on late responses, where no late notice was provided. Also, since region decided to take no action in their response, Plaintiff would have been required to proceed to BOP Central anyway. Plaintiff went ahead and responded to region in any case. A great deal of other effort went into further exhausting 674440, but since it doesn't directly apply to the retaliation, these efforts will not be discussed further. See A2 - A10 for additional details.

1 Exhibits E[?] are contained in Reply to defendants motion For Summary Judgment. A[?] are attachments here in.

4

- <u>Remedy 727948 Refusal to allow legal Calls</u>

On Page 7 of Mrs. Mitchell's declaration she attests that despite the BP-9 being marked sensitive, it was not retained per BOP policy. She fails to provide those policy details. Plaintiff filed this complaint against defendants Hansen because Hansen refused to allow the Plaintiff the ability to make a legal call to his attorney. Again this remedy does not directly relate to the retaliation claim, and was resolved without further action, after Plaintiffs attorney re-sent his criminal appeal. The first one had been rejected by staff. This response is only here for clarification.

- <u>Remedy 761940, Sensitive filing against SIS</u>
  <u>defendant Mendez, Hansen and Ninys.</u>

Again, Mrs. Mitchel says the content of this Sensitive BP-9 was not retained per policy. Since this remedy filing does pertain to the exhaustion a copy is provided. See <u>A11</u> (1-2).

Incident 761940 makes detailed accusations
of retaliation. The Sensitive BP-9 (to region) was
handed to Case manager Nink on November, 22,
2013, and was entered into Regions Computer system
on Dec 13, 2013. In Plaintiffs response to defendant's
motion for summary judgement, he argues that
an exception to normal exhaustion applies to
this incident. In particular plaintiff, due to
the sensitive nature of filing against SIS, appealed
as a criminal complaint . to the United
States Attorney's office in Pheonix. See (E45).
See response to motion for summary Judgement
fact section page 9. See A.11-1.1. See Argument
1 response to MSJ. Page 12.
• Additional Grievance Documents

   On page 7 @ 21 of mrs. Mitchell's declaration
she cites "additional grievance documents he
[Plaintiff] filed concerning challenges to
disciplinary decisions." citing Doc 126. Importantly,
these seemingly superfluous incidents and remedys
Serve as the primary factual evidence concerning
the Bivens Suit. mrs Mitchells declaration alludes
the following incidents don't matter to the

"two" that were exhausted. See Mitchells declaration page 6 @ 5.[1] According to Judge Soto, the relevant remedy's don't mention the defendants or their retaliatory actions taken against Plaintiff; this is factually incorrect.

These "additional grievances" make up the large part of Plaintiffs allegations against the defendants. See facts: Plaintiff's response to defendant's motion for Summary Judgement page 2-3, and memorandum page 12-13, 15-17, and 22.

- Remedy 233108/ Criminal use of phone (197)

Following plaintiffs success in State court, where he accused his ex-wife of violating a domestic court order to not interfear with plaintiff's communication with his son, defendants charged plaintiff with Criminal use of the telephone. This charge was written many months

---

1  Atwater interfearance of mail (772332 A2) has nothing to do with this Bivens suit.

7

after the actual phone calls. The defendants abided by the Court order and unblocked plaintiffs phone, but only after writing the 197 incident, putting the plaintiff in the SHU, and re-blocking the phone within 24 hours.[1] Plaintiff appealed the 197 (assigned Remedy 706307) after being removed from the DHO hearing,[2] and on Nov 27, 2012 Region ordered Tucson DHO to rehear the Charge. See E2. Plaintiff had asked Region to expunge the entire incident as retaliation, and as a flagrant violation of due process. Apparently on March 13, 2013 the 197 code was reduced to a 297. This occurred four months after Region requested the rehearing. On Feb 21, 2013 Warden Win notified Plaintiff a rehearing would take place. See A12. No rehearing took place. DHO simply reduced the 197 code to a 297, and left the phone block penalty. After becoming aware of the code reduction plaintiff filed a second appeal to Region.

---

[1] This allowed the defendants to say they complied with the state judges order.

[2] This is documented in Plaintiffs amended complaint, Plaintiff was removed after objecting to completly false allegations he molested his son.

8

See Remedy 737 198. This appeal was received by Region on June 3, 2013. See A13. A response was due on August 2, 2013. On Sept 12, 2013 DHO changed the 299 code to a 399, and again the plaintiff was not made aware; no notice or hearing was provided. The phone remained blocked, despite the fact at that point the penalty was expired.

Plaintiff legitimatly argues, where no relief is possible, exhaustion has been accomplished. To be safe however, and after learning that DHO had reduced the charge to a 399 (from a 299), plaintiff sought from Executive Administrator John Staley a late waiver to appeal yet again to Region.[1]

Before Plaintiff could appeal to region (he had obtained the required late letter), C.O. officer mr. Owen took the late letter from plaintiff.

Around this point, Dec 3-2013, Plaintiff was transferred to USP Atwater. Plaintiff resumed his exhaustion process upon arriving at Atwater. See A15-17 - Jan, March, August 2014. Without the late letter it was impossible to exhaust the 399 violation further.

[1] Note because Plaintiff was not notified of Regions actions, On September 3, 2013 he appealed to BoP Central. See A14.

In retrospect, and with the knowledge gained through discovery, exhausting was futile since BoP Central unit manager Roy Qualliotine had long since made an agreement with Plaintiff's ex-wife, to keep plaintiff's phone blocked. Plaintiff pleads facts which if believed shows he exhausted incident 233 1081. See response to MSJ Argument I, page 12.

- **Remedy 2319802 Illegal Use Of The Mail**

   Another incident which Judge Soto classified as an "additional grievance" (page 7 @ 21, of order dismissing the complaint), and Lori Mitchell apparently holds as un-exhausted (declaration @ page 6:3) is incident 2319802. This was appealed as remedy 698475. This incident was expunged on April 8, 2013 and was thus exhausted. See A18.

   As discussed below and unbeknown to plaintiff a "multidisciplinary team" met on July 24, 2012 and decided plaintiff should have no contact with his son based on a report from ex-defendant Sean Niane false testimony. This mail shot charge proceeded the decision made in that meeting by one month.

As shown in Plaintiff's First Amended complaint, and presented factual evidence, the USP Tucson Warden consistently maintained that there were no constraints imposed on Plaintiff's right to send mail to his child. The incident was pure retaliation administered in violation of Plaintiff's First Amendment right to association. The incident was clearly exausted.

- Remedy 250 6961   Fighting with Roomate

Plaintiff accused the defendants of manufacturing evidence about a fight, and sexual harassment allegations in order to cause his transfer. Judge Soto dismissed the allegations on a general "not exhausted" conclusion based on the following. First, plaintiff only made generic claims that the defendants lied about circumstances surrounding the alleged fight. And secondly, Plaintiff did not make those allegations at the institutional level or to BoP Central. See dismissal order page 5: 1-10. Judge Soto quotes plaintiffs reasoning where he explains why defendants manufactured the fight and harassment allegations: To keep [plaintiffs] phone illegally blocked and

11

continue ... retaliation..." citing Id. at 68, 72.
Facts presented in plaintiff's response to the
government's Motion for summary judgement (MSJ),
show that plaintiff did make efforts to deny
both the fight and harrassment allegations at
both the institution and the BOP central level.
See exhibits E13-E15, E17-23 and E40. Plaintiffs response
includes answers to the governments MSJ.
See Plaintiff's responses: "22, MSJ 13:1" @ page 7,
"23 MSJ 13:5" p.7, "24 MSJ 13:17" p.7, "33 MSJ
8:22" p.9. Also Plaintiff's statement of facts
number 13 and 14, @ page 11. See Argument I
memorandum @ Page 17-19, 22. Plaintiff was
denied the ability to discuss the matter with
SIS directly prior to the DHO hearing that took
place on November 18-2013. See E40 "page 5 of 7"
10-16-2013: "correctional officer T. Rentaria ..."
See E17 a letter written to SIS Alvidez on
10-16-13. The problem is that the DHO officer
provided no notes. On October 30, 2013 Plaintiff
filed his BP-10 to Region and made specific
allegations against defendant mendez : "SIA
mendez announced to me, were shipping you." [1]

[1] Also see the Lt. Cooper inactive firing below.

See second page of attachment. On January 10, 2014
Regional director Juan D. Castillo ordered a DHO
reconsideration of the fight shot stating, <u>plaintiffs</u>
<u>evidentiary documentation had not been provided</u>.
See E15. On April 11, 2014 DHO Philip[1] upheld her
findings and slightly changed the text, but continued to
leave out key evidence. On April 29, 2014 plaintiff
filed a second regional appeal accusing the defendants
of manufacturing evidence for the fight, for purposes
of keeping plaintiffs phone blocked. On June 5,
2014 Region upheld DHO's findings. See <u>E15</u>,
Regions response signed by Juan D. Castillo,
Regional Director on June 5, 2014.
On July 21, 2014 BOP central received plaintiff's
BP-11 as remedy i.d. 779886-A1. The status
code is closed-denied. See <u>A 20</u>.
Material facts show the fight shot was exhausted
and makes accusations of retaliation.


1  DHO Philipp was a proposed defendant in plaintiffs
   initial Bivens complaint.

L Did Plaintiff Exhaust Administrative Remedys

## Legal Argument

On Page 9 of Judge Soto's dismissal order he says "Most importantly, Plaintiff conceeds that he 'chose not to file retaliation complaints directly to USP Tucson' against defendants." (Doc 126 p.3) He also says that plaintiff only vaguely referenced defendants alleged retaliatory conduct in two unrelated Regional office appeals, but there is no evidence that he [Plaintiff] made these allegations at the institutional level or that he appealed to Central office. Page 9 8:13.

Remedy Id 761940 [Sensitive] shows that a detailed BP-10 was sent to Region who replied on December 13, 2013. According to BoP policy 1330.18 a sensitive filing is one where the inmate believes the issue is sensitive, and the inmates safety or well-being would be placed in danger if the request became known to the institution. See plaintiffs Reply to MSJ page 12. In this sensitive filing plaintiff told Region of the threats made against him. Region was provided an opportunity to address the issue and according to the defendants, didn't even maintain

the complaint "per policy." See A11 (1,2) for
the detailed allegations made against the defendants.
   Incident Code 233 1081 (Criminal Use of Telephone)
and 250 6961 (misuse of mail) also make clear
and concise allegations that staffs actions
were retaliatory.
   The mail shot was appealed to BOP Central
but ultimately resolved by Tucson, pausibly at the
bequest of central, despite denying the BP-11.
The charge was removed, the violation was
expunged, It was exhausted.
   The phone violation, 197, was resolved by
region twice without centrals involvement.
When Plaintiff sought to resolve the 399,
Tucson staff prevented that as described.
The mail and phone shots exhaustions alone
should be enough to survive summary judgement.
This leaves the sensitive filing, which plaintiff
chose to appeal to the DOJ because of a
viable threat — that was carried out. The fight
served as justification for plaintiff's transfer.
The Western. Region itself had two chances
to evaluate the fight incident, and central
had one chance. Plaintiff spent two years
exhausting administrative remedys related to
the defendants retaliatory actions.

See Dole v. Chandler, 438 F.3d 804, 809, 812 (7th Cir. 2006) ("Prison officials may not take unfair advantage of the exhaustion requirements ....") With regard to the sensitive filings, as shown, plaintiff appealed to the Justice Department for what Plaintiff felt were actual criminal acts by the defendants.[1] This included federal computer fraud, and obstruction of justice. See Hemphill v. New York, 380 F.3d 680, 690 (2d. cir. 2004) (accepting that appeals to external authority may suffice.) Plaintiff stated facts, concerning incident 233 1081 (criminal use of the phone) showing he was prevented from filing the appeal for the "377" code by C.O. Owen. Mr. Owen threw away Executive Remedy Coordinator Staley's late letter.[2] See Miller v. Norriss, 247 F.3d 736, 740 (8th cir. 2001) ("we believe that a remedy that prison officials prevent a prisoner from utiliz[ing] is not 'available' ...") ; Alwood v. Randt, 2006 W.L. 2639887, *2 (N.D. Ind., Sept 12, 2006) (denying summary judgment where prisoner's sworn statement said that prison officials came to his cell and "ripped up his grievance, thereby refusing to allow it to be processed.)

1. See E45 a criminal complaint sent to DOJ. See E9-1
2. material fact.                16

Judge Soto also says that Plaintiff did not
mention the defendants in his grievances; but the
evidence and facts show that he did. Furthermore,
naming particular defendants that may later
be sued is not an exhaustion requirement.
See Jones v. Brock, 549 U.S. 199, 219 S.ct.
910 (2007). According to the 9th Circuit a
grievance need not include legal terminology
or legal theories unless they are in some
way needed to provide notice of the harm
being grieved .... Plaintiff's concern through
most of the grievance process was restoring
communications with his son, who was put
in danger by defendant's actions.[1] Also, the
retaliation was cummulative and on going.
The transfer to Atwater was the final retaliatory
action and facts concerning the transfer were
not revealed until after discovery. As long
as facts are in the grievance, prisoners need not
specifically grieve claims of discrimination,
conspiracy or retaliation. Lugo v. Van Orden,
2008 WL 288 4925, *2 (N.D. N.Y. July 23,
2008) (Plaintiff exhausted, despite not specifically

[1] Removed from schools, taken and left at nudist
camps, left at home alone for days at 14 ect.

17

mentioning retaliation where he : " raised the
identical fact pattern.") Plaintiff also did make
claims of retaliation as clearly demonstrated.
Whereby, Plaintiff has presented facts that
according to the law, he exausted his administ-
rative remedys. Plaintiff is entitled to have the
material facts evaluated at trial, by a jury. The
PLRA should not be used to dismiss this suit.
    Lori Mitchells affidavit is conclusory, does not
even attempt to show the temporal progression
of the individual incidents, rests on hearsay,
and otherwise fails to establish a failure to
exhaust.
    Plaintiff / Appellant has produced documentation
showing material facts showing relevant remedys
were exhausted.

## II. Did The Court Error By Releasing Sean Nink From The Bivens Suit

### FACTS

In Plaintiff's complaint, he accused Sean Nink who was Plaintiff's case manager, of retaliation. See Judge Soto's Order to amend the initial complaint (Doc 32-1) page 10 : 16-24, p17 p.27-18. Also see page 18 of the courts order Doc 32-2.

On page 5 of Plaintiff's first amended complaint he makes specific allegation, accusing mr. Nink of blocking his telephone in direct retaliation to his success in state court.[1] Unit manager Hansen remained a defendant based on these very allegations, but mr. Nink was dismissed from the suit.

Discovery disclosures show that mr. Nink is most responsible for the retalitation actions taken against the Plaintiff. See Bates Stamped document 23, which reveals mr. Nink wrote the report justifying the 197 code violation. See Bates Stamped document 43[2]

1. where the plaintiff accused his ex-wife of violating the custody agreement.
2. These documents were requested from defendants because Plaintiff couldn't print them. Never sent.

19

which shows that Mr. Nink also authored the report justifying Plaintiff's transfer to USP Atwater. Plaintiff, as shown already, accused Mr. Nink of manufacturing evidence.[2] These are material facts relevant to the retaliation claims.

The defendants objected to Plaintiff's motion to re-add Sean Nink (Doc 98, 102) on procedural grounds. The defendants argue the Plaintiff failed to amend his complaint as required by L.R. Civ. P. 15.1. Plaintiff responded that the reconsideration motion should suffice since he did not have a copy of the complaint.[2] In addition the allegations in the first amended complaint if believed were sufficient, discovery showed this to be true.

In the defendant's first supplemental disclosure (post discovery), filed March 31, 2017, is a letter written by a Tucson psychologist, Mrs Unrue, dated July 6, 2012. The letter indicates that Mr. Nink had spoken to a probation officer who

1. See Reply to MSJ Page 17-19.

2. Plaintiff requested a copy, but they were never sent.

31

proported to have said plaintiff was to have no contact with his son. This contact would have included "mail, phone, and email." The date the state court judge order plaintiff's ex-wife to unblock the phone was also July 6, 2012. Clearly the defendants are on a mission to terminate plaintiffs family ties. [1]

Plaintiff had no probation officer, and Jessie Shiflett, who wrote the PSI for plaintiffs sentence hearing, denied telling Sean Nink such a thing. These are material facts relevant to retaliation. Discovery also revealed that on July 24, 2012, "multi disciplinary team met to discuss inmate Diehl's complaint about not being able to contact his son. Unit team, Somp coordinator, complex attorney, mailroom, and Trust fund participated. Inmate Diehl's son is listed as a victim, he [plaintiff] will not be allowed to contact [his son.]" No judge ever declared plaintiff's son a victim. Plaintiff present evidence that shows the defendant's actions occured in ponse to the state judge's order to plaintiffs ex-wife to remedy the telephone

[1] They first attempted to influence the state court judge by adding Keri Jenkins to the federal victim notification system (VNS) prior to Mrs Jennings court date on May 10, 2012. See below.

21

block, and because plaintiff filed a complaint against SIS staff. Plaintiff was never notified of this meeting or its findings as he continued the remedy process in ignorance.[1] On July 25, 2012 Mr. Ninn wrote the 197 criminal use of the phone shot, approximatly 5 months after the phone calls.[2] Plaintiff had been talking with his son regularly since his arrest. USP Tucsons warden maintained the entire time, plaintiffs communication block had nothing to do with Tucson. See MSJ response and First Amended Complaint for details.

Additional information was provided by the defendant's (post discovery) on September 20, 2017. See attachment 15 of the defendant's MSJ. The information consists of a letter written by defendant Hansen summerizing a conversation he had with plaintiffs ex-wife Keri Jenkins. The letter states:

"she spoke with a man from central office in D.C. and the [constituting the phone

---

1. VNS alone requires notification to the inmate. See BOP VNS procedural rules.
2. He in-fact only had 48 hours to write the incident according to BOP policy.

22

block I was to be all handled." See Plaintiffs motion to deny defendant's motion for summary judgment and to add two defendants to the suit, Doc (173, 114) for details. This letter was sent to case manager Nink from Unit manager Hansen. In family court, Mrs. Jenkins testified she never asked for the phone to be blocked. This all reeks of obstruction. Keep in mind even after Region had changed the illegal use of a telephone (197) shot to a 399 shot, Even after 23 months of chasing remedy exhaustion, Staff refused to unblock the Phone. As Plaintiff's facts support, Sean Nink instead went on a mission to get the plaintiff transferred. The phone was never unblocked. In plaintiff's response to MSJ, he presents detailed evidence documenting the actions taken by Sean Nink to get Plaintiff transferred thus fulfilling SIS's original threat — if you sue us, we will transfer you to a life threatening place.

Plaintiff states facts that if believed, support that Sean Nink should have never been dismissed from the Bivens suit.

2. With an intermediate 299 Change.

23

## III. Did the District Court Error By Dismissing USP Tucson's Lt. Cooper from The Bivens Suit

USP Tucson SIS Lt. Cooper was dismissed from Plaintiffs Bivens Suit on Feb 9, 2015. (Doc. 32-1 P. 17) In Plaintiffs First Amended Complaint he stated facts that if believed showed Coopers role in the retaliatory actions taken against the Plaintiff. See First Am. Complaint Page 2-3, 8-9 concerning threats involving a transfer if plaintiff pursued legal remedys. Retaliation resulted after plaintiff filed a sensitive BP9 against Lt. Cooper, and after plaintiff brought a legal action against Keri Jenkins, in State court for violation of a custody order. The defendants have violated the spirit of discovery by concealing the names of SIS staff. See for example the staff testimony to S.W. Region, " Keri Jenkins contacted SIS staff requesting his [plaintiffs] phone calls be restricted." Keri Jenkins under oath denies any request for a phone block. Furthermore, defendant Mendez of SIS denies he is the "SIS staff" responsible. The above is but a single example of the defendants attempt to conceal who in SIS Keri Jenkins was interacting with.

24

Plaintiff pleads for the Ninth Circuit on Appeal to order the district Court to allow additional discovery, and require USP Tucson to adhere to the rules of discovery in good faith so that the facts of this case are revealed.

It was Lt. Cooper who forced Plaintiff back to State and federal court. Lt. Cooper admitted his objective to Plaintiffs Criminal attorney Gerry Suellis.[1] This retaliation cost the Plaintiff thousands of dollars, and precious time communicating with his son.

Plaintiff states facts that if believed show Lt. Cooper retaliated against the Plaintiff for using the remedy process and State court. Plaintiff should be permitted to amend his complaint to re-add Lt. Cooper as a defendant. Discovery should be ordered extended so the interaction between Kori Jenkins and specific SIS Personel his disclosed.

[1] The two had a telephone conversation early on. Mr. Suellises opinion was that Lt. Cooper sought to harass the plaintiff utilizing the courts to accomplish it.

25

## IV. Did The District Court Error When It Dismissed BoP Central Roy Qualliotine From The Bivens Suit

BOP Central's Roy Qualiotine [1] was dissmissed from Plaintiff's First Amended Complaint on February 9, 2015. Doc 32-1 @ 17.

In Plaintiff's amended Complaint he had presented facts showing that Mr. Qualiotine entered Plaintiffs ex-wife into VNS -just prior to her Contempt of Court hearing, on the false basis that she and plaintiff's son were victims.[2] Plaintiff shows the importance of timing in establishing material facts concerning retaliation along with Case law, in his Response To defendants motion for Summary judgment. [P.14] Following discovery the defendants provided a supplement (see above) showing "Jenkins had spoken with a man from Central office in D.C., and this [continuing the termination of all plaintiff's communication with his son] was all to be handled." [3] See

_____

[1] It is not exactly clear what job function Mr. Qualiotine has. It is the Unit Manager who is responsible for Victim Notification. See below.

[2] material fact

[3] Roy Qualiotine originally entered Jenkins into VNS.

26

(Doc 113, 114) p. 3.

The Significance of this evidence can't be under estimated. This evidence shows that Plaintiffs efforts to exhaust his remedy's may have been undermined from BOP central downs. If this evidence is correct, it also shows that the Plaintiff's ex-wife is involved in deceiving a state judge,[I] and perjury.

Plaintiff shows facts that if believed show Roy Gualliotine was involved in the retaliation taken against the plaintiff. Plaintiff should be allowed to continue discovery, and Roy Gualliotine should be added back into the suit.

Finally, while all of the above was transpiring Plaintiff was pursuing Criminal charges against his wife in state court. Brand new evidence suggests USP Tucson staff was preventing filings from reaching the state court, who dropped the cause for "failure to litigate." Plaintiff did not fail to litigate his mail was not reaching its destination. Facts concerning mail interferance were pleaded by defendant.

I  It's hard to guess at what conversations were made between Keri Jenkins, SIS, Gualliotine and team. Defendants reveal no evidence concerning these important conversations.

## Conclusion

The supreme court has found that Total Exhaustion is not required by the PLRA. If any part of plaintiff's case is considered not exhausted, then only that part should be dismissed. *See Jones v. Bock*, 549 U.S. 199, 219-24 (2007) The appelants have failed to show that it is undisputed that any remedy was un-exhausted. The trier of fact should thus resolve this exhaustion issue *Blount v. Johnson*, 373 F. Supp. 615, 619 (W.D. VA. 2005) (stating a factual dispute concerning exhaustion "is appropriately submitted to the trier of fact for resolution."), vacated on other grounds. *Blench v. Brown*, 2003 W.L. 21730709, *12 (S.D.N.Y. July 25, 2003) (holding that "defendants must show that no reasonable jury could fail to find in their favor on this issue," to obtain dismissal for non-exhaustion) judgment granted on other grounds 2003 WL 22439780 (S.D.N.Y. Oct 28, 2003); *see Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir 2001) (resolving exhaustion claim on appeal based on trial evidence).

Plaintiff has also presented facts which show Sean nink, Lt. Cooper, and Roy avalotine should not have been dismissed from plaintiffs case. They should be re-added, and discovery should be continued.

28

# Certificate Of Compliance

I David A Diehl declare that the enclosed Opening appeal brief abides by the Compliance rule at 28 (a) (11) of the Fed. R. App. P.

David A. Diehl

David a Diehl

11-13-17

All Copies

<u>Certificate of Service</u>

David A. Diehl declares under penalty of perjury pursuent to 28 U.S.C. §1746; that he mailed a copy of the enclosed opening appellant brief to defendants Counsel, Cole Hernandez [ 405 W. Congress Suite 4800 Tucson, AZ 85701-5040 by placing them in an envelope and handing the envelope to jail personell on 11-13-2017. The appellant briefs to this court were also handed to jail personell on 11-13-2017. I delare the above to be true and correct on the penalty of perjury.

David A Diehl

David A Diehl

11-13-17

# Attachment Exhibits

| | Page |
|---|---|
| A1, remedy 674440 ack. of receipt | 4 |
| A2, UPS delivery receipt 674440 to Central | 4 |
| A3-A10, Additional efforts to further exhaust 674440 | 4 |
| A11, Sensitive 9 concerning defendants | 5,6 |
| A12, Letter from region ordering rehearing of 199 → 299 Criminal Use of Phone Shot | |
| A13-A16, Additional 299 exhaustion evidence | 9 |
| A17, Fight Shot + 399 rejection as late | 9 |
| A18, Mail shot closed | 10 |
| A19, Mail Shot denied at Region | X |
| A20, Fight Shot closed at Central | 13 |





**FEDERAL BUREAU OF PRISONS**

**UNITED STATES PENITENTIARY**

**TUCSON, ARIZONA**

| _____ Unit | ☐ Region | ☐ Central |
|---|---|---|
| | ☐ WDN | ☐ REJ |

# ACKNOWLEDGMENT OF RECEIPT OF
# ADMINISTRATIVE REMEDY APPEAL

I, _OtEHL,_____, Reg. # _532I4-0I8_____, further acknowledge
by my signature, receiving Administrative Remedy Appeal, # _67.4440-RS_____. The
Administrative Remedy Appeal was hand-delivered to me.

Received on   this _22_ day of _May_____, 2012.

_✕ David a Diehl_____
Signature of Inmate

_∂  532 I4 0I8_____
Register Number

_____
Signature/Title of Staff Witness

**CERTIFIED MAIL™ RECEIPT**

*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

Register / Sign In

| Postage | $ |
|---|---|
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Search USPS.com or Track Packages

Send Mail    Manage Your Mail    Shop    Business Solutions

*Sent To*

DOP

*Street, Apt. No.; or PO Box No.*  320 1st st NW

*City, State, ZIP+4*  Washington DC 20534

PS Form 3800, August 2006    See Reverse for Instructions

| TUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|
| vered | July 09, 2012, 11:02 am | WASHINGTON, DC 20534 | Certified Mail™ |
| Arrival at Unit | July 09, 2012, 9:50 am | WASHINGTON, DC 20018 | |
| Processed through USPS Sort Facility | July 05, 2012, 7:32 am | TUCSON, AZ 85706 | |

**Check on Another Item**

What's your label (or receipt) number?



**LEGAL**
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

**ON USPS.COM**
Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Site Index ›

**ON ABOUT.USPS.COM**
About USPS Home ›
Newsroom ›
Mail Service Updates ›
Forms & Publications ›
Careers ›

**OTHER USPS SITES**
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

Copyright© 2012 USPS. All Rights Reserved.

A 3

12-15-13

Administrative Remedy Coordinator Central Office

Re: Rejection notice received on Jan 28th 2012 but, dated
December 28th, 2012

 Page one of the package I am sending you shows that it
has taken until February 13, 2012 to get the signature you
requested on "BOP letterhead". That is why my response is late
and it was out of my control. Page four is a certified receipt
of the BP-11 that I sent for Remedy ID 674440 to Central on
July 9th 2012. Page five shows a listing of active remedys for
my ID as of June 28th 2012. As you can see my BP-11 did not
get entered into your system. I asked my counselor to
investigate this and he refused.
It is my opinion that it is because I filed this grievance
that I was immediately put into the SHU for 4 months and
written a shot for 197 "Use of a telephone for illegal
purposes or to commit or further a greatest category
prohibited act" on 8-12-2013 for the calls back in December.
That became incident report number 2331081, remedy 706307.
This also followed within weeks of the Texas court finding in
my favor.

 Because of the confusion regarding two different
remedys ID's that reference the same phone calls in December,
I am enclosing both the BP 11 filed in July as well as the one
re-filed in November. With this BP 11 I seek to have my phone
unblocked. The phone has been blocked for a year causing
considerable difficulties with my appeal. I am pursuing the
shot written against me that took my good time in court. I

Re: Remedy ID 674440-A2

Administrative Remedy Coordinator,    3-28-2013


On March 25th, 2013 I signed for your letter (E-1) rejecting my BP11 dated March 7th, 18 days earlier. In your letter you called my BP-11 untimely. It was not untimely as it was mailed to you on July 9, 2012 (E-2). You will see the last status I was able to get (E-3) before being thrown in the SHU, six months after the phone calls were made, for the phone calls. Counselors refused to assist me in determining WHY central failed to enter the BP-11 into its computer system.

Enclosed with this letter (E-4) you will find a letter sent to my ex-wife dated May 10, 2012 by Roy Qualliotine. This letter was a clear attempt to conspire with my ex wife to accomplish two things 1) prevent her from being held in contempt for violating a state custody order and 2) to terminate my ability to contact my son which was granted by that same state custody order.

Only United States attorneys from the district of where the defendants trial took place can place a person in VNS, and only if that person is a victim of THE crime.

You DID get my BP-11 on time. You are engaged in corruption because your mis-using the remedy process and are in violation of BOP policy and the law. I wish to appeal your decision to the General Council. Please let me know the procedure to elevate this matter to either the BOP's internal affairs department, and/or the BOP's general council.

David A. Diehl, 53214018

United States Penitentiary Tucson

USPS.com® - Track & Confirm

A 5



**USPS.COM**

Search USPS.com or Track Packages

Quick Tools        Ship a Package        Send Mail        Manage Your Mail        Shop        Business Solutions

# Track & Confirm

*Central Phone shot*

GET EMAIL UPDATES

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| 70111150000002627737 | | Delivered | December 10, 2012, 7:15 am | WASHINGTON, DC 20534 | Certified Mail™ |
| | | Notice Left (No Authorized Recipient Available) | December 09, 2012, 12:57 pm | WASHINGTON, DC 20534 | |
| | | Processed through USPS Sort Facility | December 06, 2012, 10:51 am | WASHINGTON, DC 20022 | |
| | | Arrival at Unit | December 06, 2012, 10:50 am | WASHINGTON, DC 20022 | |
| | | Processed through USPS Sort Facility | December 05, 2012, 9:29 pm | WASHINGTON, DC 20066 | |
| | | Forwarded | December 05, 2012, 8:41 am | WASHINGTON, DC | |
| | | Depart USPS Sort Facility | December 05, 2012 | WASHINGTON, DC 20066 | |
| | | Processed through USPS Sort Facility | December 05, 2012, 1:28 am | WASHINGTON, DC 20066 | |
| | | Processed through USPS Sort Facility | December 03, 2012, 8:43 am | TUCSON, AZ 85706 | |

## Check on Another Item

What's your label (or receipt) number?

**LEGAL**
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

**ON USPS.COM**
Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Site Index ›

**ON ABOUT.USPS.COM**
About USPS Home ›
Newsroom ›
Mail Service Updates ›
Forms & Publications ›
Careers ›

**OTHER USPS SITES**
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

Copyright© 2012 USPS. All Rights Reserved

A 6

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: DECEMBER 28, 2012

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : DAVID ANDREW DIEHL, 53214-018
      TUCSON USP    UNT: UNIT B    QTR: B01-215U
      9300 SOUTH WILMOT ROAD
      TUCSON, AZ 85706


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 674440-A1      CENTRAL OFFICE APPEAL
DATE RECEIVED  : DECEMBER 10, 2012
SUBJECT 1      : CORRESPONDENCE - REJECTION OR CONFISCATION
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF YOUR   INSTITUTION
                 ADMINISTRATIVE REMEDY REQUEST (BP-9) FORM OR  A COPY
                 OF THE (BP-09) RESPONSE FROM THE WARDEN.

REJECT REASON 2: YOUR APPEAL IS UNTIMELY.  CENTRAL OFFICE APPEALS
                 MUST BE RECEIVED WITHIN 30 DAYS OF THE REGIONAL
                 DIRECTOR'S RESPONSE.  THIS TIME LIMIT INCLUDES MAIL TIME.

REJECT REASON 3: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 15 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REJECT REASON 4: SEE REMARKS.

REMARKS        : PROVIDE STAFF MEMO ON BOP LETTERHEAD, STATING REASON
                 UNTIMELY FILING WAS NOT YOUR FAULT.

47

Diehl, David
Reg. No.: 53214-018

### Response to Inmate Request to Staff
This is in response to your letter dated January 24, 2013.
Specifically, you want the Administrative Remedy Coordinator to
acknowledge that you have exhausted by remedies, remedy ID 674440.

A review of the issue in your request has been conducted.
Acknowledgement of Receipt of Administrative Remedy Appeal,
Administrative Remedy Appeal No. 674440-R1 shows you as having
received Appeal No. 674440-R1 on May 23, 2012.  Administrative
Remedy No. 67444-A1 was received by the Central Office on
December 10, 2012.  May 23, 2012, to December 10, 2012, is 202 days.
Pursuant to Program Statement 1330.17, Administrative Remedy
Program, an inmate who is not satisfied with the Regional Director's
response may submit an Appeal on the appropriate (BP-11) to the
General Counsel within 30 calendar days of the date the Regional
Director signed the response.

On December 28, 2012, the General Counsel rejected Administrative
Remedy Appeal No. 674440-A1 as it was untimely.  The Remarks
indicated that you must "provide staff memo on BOP Letterhead,
stating reason untimely filing was not your fault".  You have not
provided evidence to date to support the cited late filing of the
BP-11.


I trust this has been responsive to your concern.


John Staffey
Executive Assistant

2-11-13
Date

A2



**U.S. Department of Justice**

**Federal Bureau of Prisons**

**Federal Correctional Complex**

*Office of the Complex Warden*                    *FCC Tucson, Arizona  85756*

February 13, 2013

**MEMORANDUM FOR ADMINISTRATIVE REMEDY ADMINISTRATOR**

**FROM:**            John Stahley
                    Executive Assistant

**SUBJECT:**         Diehl, David Andrew
                    Reg. No. 53214-018
                    Administrative Remedy ID:674440-A1

Inmate Diehl received Administrative Remedy ID: 674440-A1, on January 23, 2013, via inmate regular mail. As January 23, 2013, put him outside of established re-submission time frames, I provided this notice on BOP Letterhead dated February 13, 2013, as a reference of when the offender received the above cited appeal. Please consider this information in conjunction with time-frames.

A 9

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MARCH 7, 2013

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : DAVID ANDREW DIEHL, 53214-018
      TUCSON USP    UNT: UNIT B    QTR: B01-215U
      9300 SOUTH WILMOT ROAD
      TUCSON,  AZ 85706


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 674440-A2       CENTRAL OFFICE APPEAL
DATE RECEIVED  : MARCH 4, 2013
SUBJECT 1      : CORRESPONDENCE - REJECTION OR CONFISCATION
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOUR APPEAL IS UNTIMELY.  CENTRAL OFFICE APPEALS
                 MUST BE RECEIVED WITHIN 30 DAYS OF THE REGIONAL
                 DIRECTOR'S RESPONSE.  THIS TIME LIMIT INCLUDES MAIL TIME.


REMARKS        : AS STATED IN YOUR 674440-A1 REJECTION NOTICE YOUR
                 APPEAL WAS AND STILL IS UNTIMELY. PROVIDE STAFF
                 VERIFICATION STATING REASON FOR UNTIMELY FILING.

**UNITED STATES GOVERNMENT**
**MEMORANDUM**
**FEDERAL BUREAU OF PRISONS**

**DATE:** April 5, 2013

REPLY TO

ATTN OF: National Inmate Appeals, Central Office

$A \cdot 10$

SUBJECT: Administrative Remedy Appeal: 674440-R1

Name: DIEHL, David
Register No. 53214-018
Institution: Tucson USP

_____1. Your appeal was answered on **(insert date)**. If you have not received your copy by now, you may ask the institution Administrative Remedy Coordinator to provide you with a copy from the Warden's Administrative Remedy File.

_____2. We are in receipt of your Central Office Administrative Remedy Appeal **(insert remedy #)** received on **(insert date)**. In accordance with policy, if you do not receive a response within the time allotted for reply, including extension, you may consider the absence of a response to be a denial. **However**, each appeal accepted by this office will be responded to and you will be advised once the appeal is completed.

_____3. Our records indicate that the appeal you reference has not been filed with this office.

_____4. You have not provided sufficient information for us to respond to your inquiry. If your inquiry concerns an administrative remedy, please provide the case number, the date filed in this office or date mailed by you, your name and register number, and the subject of your administrative remedy. If you cannot provide all of this information, please provide as much as possible.

__x__5. A review of your inquiry reveals it contains issues you should first bring to the attention of institution staff. If you are unable to resolve the issue(s) informally, you may present your complaint to the Warden via the Administrative Remedy Procedure. This procedure is available to inmates confined in federal facilities to complain about any aspect of their confinement.

_____6. Extensions are granted only if an inmate's submission is untimely by no fault of his own. Requests for extensions are only considered when submitted with the complete appeal packet.

_____7. Central Office Administrative Remedy Appeal responses are the final agency position. If you are dissatisfied with the response, you may pursue any legal recourse you deem appropriate.

_____8. We can only address issues within the jurisdiction of the Federal Bureau of Prisons. Your issue is one of _____ jurisdiction.

_____9. Your appeal was rejected and returned to you on _____.

__X__10. Other: The region responded on 05-09-2012. Central Office Appeals must be received within 30 days of the Regional Director's response. This time includes mail time. Our office did not receive your Central Office Appeal until 12-10-2012, you were 7 months late.

A-11-1

U.S. Department of Justice · *Sensitive* · **Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

*pink mailed this 11-22-13*

_____

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: **Diehl, David, A** ____ **53214 018** ____ **SHU** ____ _____
     LAST NAME, FIRST, MIDDLE INITIAL · REG. NO. · UNIT · INSTITUTION

Part A - REASON FOR APPEAL  I need immediate assistance to deal with what can only be described as a complete breakdown of Professional Conduct on the Part of SIA Mendez, Unit team Hansen, Case manager Nink and Counselor Pino. According to 5CFR 735, Employees Responsibility And Conduct Subpart r Standards of Conduct - An Employee shall not engage in criminal, infamous, dishonest, immoral, or notorious disgracefull Conduct or other Conduct prejudicial to the government. ┤ Within 30 days after arriving at USP Tucson, SIA-mendi in conjunction with my unit team Conspired to violate my right to association with my son. Remedy Id (674440, 737198-R1, 698475-F1) Staffs actions resulted in a years worth of unnecessary Remedy filings and legal filings (I500). In September, 2013 Region the unjust filings (I still being appealed). Note- Trust Fund still refuses to restore phone to this date!!

The following **criminal** and ethical violations have been commited against me since my arrival at USP Tucson : [Attached]

__10-15-2013__ _____ *David A Diehl* _____
       DATE · SIGNATURE OF REQUESTER

Part B - RESPONSE
   └ Should have been 11-15-13 ~~alledy~~. alledy sent

_____

_____ _____
       DATE · REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE _____ CASE NUMBER: _____

Part C - RECEIPT _____ CASE NUMBER: _____

Return to: _____
       LAST NAME, FIRST, MIDDLE INITIAL · REG. NO. · UNIT · INSTITUTION

SUBJECT: _____

_____ _____
       DATE · SIGNATURE, RECIPIENT OF REGIONAL APPEAL

- Federal mail tampering in violation of Title 18 § 172
- Computer fraud by wire in violation of Title 18 USC § 1343
- Conspiracy in violation of 18 U.S.C. § 371
- Scheme to deprive another of intangible right to honest service
- Several 5th Amendment due Process violations

---

- Staff conspired to decieve a state judge and misreplesented facts that had the potential to put my ex-wife in jail for contempt of a family court order.

- Staff misrepresented statements to DHO regarding the terms of my commitment order, who my probation officer was and the law

- Staff entered my ex-wife into UNS to decieve a state judge.

- Staff filtered my emails without cause in a harrassing way

- Staff refuses to interview me over allegations I threatened another inmate. I have been in the SHU 3 months. SIS wants to ignore vital exculpatory evidence

- Unit team refuses to supply me with Forms, certified labels, and other supplies I am entitled to under Prison Policy 52 70.07

- Staff has drastically affected my ability to represent myself pro-se on direct appeal where I am innocent of a 50 year sentence.

- Staff has cost me over $8,000 as a result of illegally circumventing my family custody order

- Staffs sanctions have led to my home being forclosed on since I cannot communicate with the IRS to resolve the issue.

- Staff now seeks to have me transferred where according to SIA Mendez there is a high probability I will be murdered. I have done nothing to get transferred but fought for my son. I have a high profile sex case staff knows I cant go elsewhere without substantial risk to my self.

- I seek an independent investigation into these allegations &

A - 12

Inmate:     DIEHL, David
Register #: 53214-018

Your letter to the Western Region dated December 6, 2012, has been forwarded to me
for response.   Specifically, you alleged you were wrongfully given disciplinary action
and sanctions, which resulted in being denied access to the inmate telephone.   As
relief, you request telephone access and to call your son.

On September 7, 2012, you were found to have committed the prohibited act of Use of
the Phone for Illegal Purposes, in violation of Code 197, Incident Report No.
2331081.   You received the following sanctions:

| D/S:             | 60 days   |
|------------------|-----------|
| Disallow GCT:    | 41 days   |
| Forfeit GCT:     | 40 days   |
| Lose Phone:      | 2 years   |
| Monetary Fine:   | $100.00   |

You filed a Regional Administrative Remedy Appeal (BP-10), ID Number 706307-R1,
with the Regional Director.   On November 23, 2012, the Western Region
recommended for the Disciplinary Hearing Officer to reconsider the discipline action,
Incident Report Number 2331081, for Phone Abuse to Further Criminal Activity, in
violation of Code 197.   On February 19, 2013, the Disciplinary Hearing Officer has
decided to conduct a re-hearing on this matter.   The DHO's office will advise you of the
re-hearing date.   You will be able to present your evidence to challenge the charges
against you.

Louis W. Winn, Jr.
Complex Warden

2-21-13
Date

cc:     WXRO
        Central File - B

A 13

```
     PHXBW          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      03-09-2016
     PAGE 011 OF     *            FULL SCREEN FORMAT            *      12:52:26


     REGNO: 53214-018 NAME: DIEHL, DAVID
     RSP OF...: CLP UNT/LOC/DST: I-1           QTR.: I01-105L  RCV OFC: WXR
     REMEDY ID: 728520-R1      SUB1: 20DM SUB2:   DATE RCV:   03-14-2013
     UNT  RCV..:UNIT B        QTR RCV.: B01-215U   FACL RCV: TCP
     UNT  ORG..:UNIT B        QTR ORG.: B01-215U   FACL ORG: TCP
     EVT FACL.: TCP     ACC LEV:                    RESP DUE:
     ABSTRACT.: DHO HEARING
     STATUS DT: 03-14-2013  STATUS CODE: REJ STATUS REASON: DHR
     INCRPTNO.: 2331081   RCT:   EXT:   DATE ENTD: 04-02-2013
     REMARKS..: REFERENCE #706307
```

↙  299  reconsideration

```
     REGNO: 53214-018 NAME: DIEHL, DAVID
     RSP OF...: CLP UNT/LOC/DST: I-1           QTR.: I01-105L   RCV OFC: WXR
     REMEDY ID: 737198-R1      SUB1: 20DM SUB2:   DATE RCV:   06-03-2013
     UNT  RCV..:UNIT B        QTR RCV.: B01-215U   FACL RCV: TCP
     UNT  ORG..:UNIT B        QTR ORG.: B01-215U   FACL ORG: TCP
     EVT FACL.: TCP     ACC LEV: WXR  1            RESP DUE:  FRI  08-02-2013
     ABSTRACT.: DHO HEARIN 03-13-13 CODE: 299
     STATUS DT: 09-12-2013  STATUS CODE: CLG STATUS REASON: PAR
     INCRPTNO.: 2331081   RCT: P EXT: P DATE ENTD: 06-05-2013
     REMARKS..: REFERENCE REMEDY 706307
```

```
     G0002       MORE PAGES TO FOLLOW . . .
```

**FILED UNDER SEAL**

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: SEPTEMBER 3, 2013

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : DAVID ANDREW DIEHL, 53214-018
      TUCSON USP   UNT: UNIT B   QTR: Z02-136UAD
      9300 SOUTH WILMOT ROAD
      TUCSON, AZ 85706


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 737198-A1       CENTRAL OFFICE APPEAL
DATE RECEIVED  : AUGUST 26, 2013
SUBJECT 1      : DHO APPEAL - COMBINED (PROCEDURES, EVIDENCE & SANCTIONS)
SUBJECT 2      :
INCIDENT RPT NO: 2331081

REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF YOUR   REGIONAL OFFICE
                 ADMINISTRATIVE REMEDY APPEAL (BP-10) FORM OR   A COPY
                 OF THE (BP-10) RESPONSE FROM THE REGIONAL DIRECTOR.

REJECT REASON 2: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 15 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REMARKS        : PROVIDE BP-10 FORM THAT WAS SUBMITTED TO THE REGION.


& But later resolved at region taking it from
199 to 299

```
PHXBW          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *    03-09-2016
PAGE 015 OF    *              FULL SCREEN FORMAT           *     12:52:26


REGNO: 53214-018 NAME: DIEHL, DAVID
RSP OF...: CLP UNT/LOC/DST: I-1          QTR.: I01-105L   RCV OFC: ATW
REMEDY ID: 769580-F1      SUB1: 22AM SUB2:    DATE RCV:   02-27-2014
UNT  RCV..:1A          QTR RCV.: Z08-220LAD   FACL RCV: ATW
UNT  ORG..:1A          QTR ORG.: Z08-220LAD   FACL ORG: ATW
EVT FACL.: ATW   ACC LEV:                     RESP DUE:
ABSTRACT.: RECIEVED SHOT IN SHU, WON'T GO TO YARD
STATUS DT: 02-27-2014  STATUS CODE: REJ STATUS REASON: INF MSI
INCRPTNO.:         RCT:    EXT:    DATE ENTD: 02-27-2014
REMARKS..: YOU DO NOT STATE A SPECIFIC GRIEVANCE. REQUEST
           A BP-8 FROM YOUR UNIT TEAM, AND BE SPECIFIC WITH
           WHAT IT IS YOU WANT.
```

*March*
*399 resolution*
*from Atwood*

```
REGNO: 53214-018 NAME: DIEHL, DAVID
RSP OF...: CLP UNT/LOC/DST: I-1          QTR.: I01-105L   RCV OFC: BOP
REMEDY ID: 737198-A2      SUB1: 20DM SUB2:    DATE RCV:   03-11-2014
UNT  RCV..:1A          QTR RCV.: Z08-220LAD   FACL RCV: ATW
UNT  ORG..:UNIT B      QTR ORG.: B01-215U     FACL ORG: TCP
EVT FACL.: TCP   ACC LEV: WXR  1              RESP DUE:
ABSTRACT.: DHO HEARIN 03-13-13 CODE: 299
STATUS DT: 04-09-2014  STATUS CODE: REJ STATUS REASON: RAP UTA
INCRPTNO.: 2331081  RCT:    EXT:    DATE ENTD: 04-09-2014
REMARKS..: YOU HAD 15 DAYS TO CORRECT AND RESUBMIT YOUR APPEAL.
           OBTAIN A STAFF MEMO STATING THE REASON FOR YOUR
           UNTIMELY RESUBMISSIN TO OUR OFFICE.
```

*Central office*

*→ Owen threw away late letter*

**FILED UNDER SEAL**

A16

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: AUGUST 13, 2014

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : DAVID ANDREW DIEHL, 53214-018
      ATWATER USP    UNT  1A    QTR: Z08-932LAD
      P.O. BOX 019001
      ATWATER, CA 95301

FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID     : 737198-A3      CENTRAL OFFICE APPEAL
DATE RECEIVED : MAY 27, 2014
SUBJECT 1     : DHO APPEAL - COMBINED (PROCEDURES, EVIDENCE & SANCTIONS)
SUBJECT 2     :
INCIDENT RPT NO: 2331081

REJECT REASON 1: YOUR APPEAL IS UNTIMELY.  CENTRAL OFFICE APPEALS
                 MUST BE RECEIVED WITHIN 30 DAYS OF THE REGIONAL
                 DIRECTOR'S RESPONSE.  THIS TIME LIMIT INCLUDES MAIL TIME.

REMARKS       : AS STATED IN THE PREVIOUS REJECTION NOTICE YOUR
                APPEAL WAS SUBMITTED BACK TO OUR OFFICE UNTIMELY AND
                A STAFF MEMO FOR YOUR UNTIMELINESS IS NEEDED.

*August*
*399*
*owen tolew*
*away late*
*letter. I*
*am at Atwater*
*now*

*gave to I/m*
*8/27/14*
*Cworld*

*2014 AUG 26 PM 12: 32*
*WARDEN OFFICE*
*USP ATWATER*
*RECEIVED*

A17

```
PHXBW          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *    03-09-2016
PAGE 014 OF        *           FULL SCREEN FORMAT             *    12:52:26


REGNO: 53214-018 NAME: DIEHL, DAVID
RSP OF...: CLP UNT/LOC/DST: I-1              QTR.: I01-105L   RCV OFC: WXR
REMEDY ID: 763699-R1       SUB1: 20DM SUB2:  DATE RCV:   01-03-2014
UNT  RCV..:1A            QTR RCV.: Z08-217L   FACL RCV: ATW
UNT  ORG..:1A            QTR ORG.: Z08-217L   FACL ORG: ATW
EVT FACL.: TCP    ACC LEV: WXR  1               RESP DUE:  TUE  03-04-2014
ABSTRACT.: DHO HEARING 11-18-13 CODE: 201
STATUS DT: 01-10-2014  STATUS CODE: CLO STATUS REASON: XPL
INCRPTNO.: 2506961  RCT: P EXT: P DATE ENTD: 01-07-2014
REMARKS..:




REGNO: 53214-018 NAME: DIEHL, DAVID
RSP OF...: CLP UNT/LOC/DST: I-1              QTR.: I01-105L   RCV OFC: WXR
REMEDY ID: 737198-R2       SUB1: 20DM SUB2:  DATE RCV:   01-24-2014
UNT  RCV..:1A            QTR RCV.: Z08-218L   FACL RCV: ATW
UNT  ORG..:UNIT B       QTR ORG.: B01-215U   FACL ORG: TCP
EVT FACL.: TCP    ACC LEV: WXR  1               RESP DUE:
ABSTRACT.: DHO HEARIN 03-13-13 CODE: 299
STATUS DT: 01-24-2014  STATUS CODE: REJ STATUS REASON: WRL
INCRPTNO.: 2331081   RCT:   EXT:   DATE ENTD: 01-28-2014
REMARKS..:
```

Jan
399  Region
399

G0002      MORE PAGES TO FOLLOW . . .

**FILED UNDER SEAL**

A 18

```
PHXBW            *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *    03-09-2016
PAGE 016 OF      *            FULL SCREEN FORMAT            *    12:52:26


REGNO: 53214-018 NAME: DIEHL, DAVID
RSP OF...: CLP UNT/LOC/DST: I-1           QTR.: I01-105L   RCV OFC: BOP
REMEDY ID: 763699-A1      SUB1: 20DM SUB2:     DATE RCV:   03-13-2014
UNT  RCV..:1A          QTR RCV.: Z08-220LAD   FACL RCV: ATW
UNT  ORG..:1A          QTR ORG.: Z08-217L     FACL ORG: ATW
EVT FACL.: TCP    ACC LEV: WXR  1             RESP DUE:
ABSTRACT.: DHO HEARING 11-18-13 CODE: 201
STATUS DT: 04-11-2014  STATUS CODE: REJ STATUS REASON: RAP RSA
INCRPTNO.: 2506961   RCT:   EXT:  DATE ENTD: 04-11-2014
REMARKS..:
```

*fig. +*

```
REGNO: 53214-018 NAME: DIEHL, DAVID
RSP OF...: CLP UNT/LOC/DST: I-1           QTR.: I01-105L   RCV OFC: ATW
REMEDY ID: 772332-F1      SUB1: 16ZM SUB2:     DATE RCV:   03-20-2014
UNT  RCV..:1A          QTR RCV.: Z08-221LAD   FACL RCV: ATW
UNT  ORG..:1A          QTR ORG.: Z08-221LAD   FACL ORG: ATW
EVT FACL.: ATW    ACC LEV: ATW  1 WXR  1 BOP  2  RESP DUE:  WED  04-09-2014
ABSTRACT.: NOT RECVING MAIL, BOP INTERFERING WITH HIS RIGHTS
STATUS DT: 04-22-2014  STATUS CODE: CLO STATUS REASON: XPL
INCRPTNO.:           RCT: P EXT:  DATE ENTD: 03-20-2014
REMARKS..:
```

*mail status*
*closed Exhausted*

```
G0002      MORE PAGES TO FOLLOW . . .
```

**FILED UNDER SEAL**

A 19

```
PHXBW          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *    03-09-2016
PAGE 017 OF    *          FULL SCREEN FORMAT              *      12:52:26
```

```
REGNO: 53214-018 NAME: DIEHL, DAVID
RSP OF...: CLP UNT/LOC/DST: I-1               QTR.: I01-105L   RCV OFC: WXR
REMEDY ID: 779886-R1      SUB1: 20DM SUB2:    DATE RCV:   05-12-2014
UNT  RCV..:1A           QTR RCV.: Z08-223LAD  FACL RCV: ATW
UNT  ORG..:1A           QTR ORG.: Z08-223LAD  FACL ORG: ATW
EVT FACL.: TCP    ACC LEV: WXR  1 BOP  1          RESP DUE:  FRI  07-11-2014
ABSTRACT.: DHO HEARING 11-18-13 CODE: 201
STATUS DT: 06-05-2014  STATUS CODE: CLD STATUS REASON: DNY
INCRPTNO.: 2506961   RCT: P EXT: P DATE ENTD: 05-20-2014
REMARKS..:
```

```
REGNO: 53214-018 NAME: DIEHL, DAVID
RSP OF...: CLP UNT/LOC/DST: I-1               QTR.: I01-105L   RCV OFC: WXR
REMEDY ID: 772332-R1      SUB1: 16ZM SUB2:    DATE RCV:   05-20-2014
UNT  RCV..:1A           QTR RCV.: Z08-224LAD  FACL RCV: ATW
UNT  ORG..:1A           QTR ORG.: Z08-221LAD  FACL ORG: ATW
EVT FACL.: ATW    ACC LEV: ATW  1 WXR  1 BOP  2   RESP DUE:  THU  06-19-2014
ABSTRACT.: NOT RECVING MAIL, BOP INTERFERING WITH HIS RIGHTS
STATUS DT: 05-30-2014  STATUS CODE: CLD STATUS REASON: DNY
INCRPTNO.:           RCT: P EXT:   DATE ENTD: 05-21-2014
REMARKS..:
```

*Mail Denied status, but expunged at Tucson.*

```
G0002     MORE PAGES TO FOLLOW . . .
```

**FILED UNDER SEAL**

A 20

REGNO: 53214-018 NAME: DIEHL, DAVID
RSP OF...: CLP UNT/LOC/DST: I-1          QTR.: I01-105L   RCV OFC: BOP
REMEDY ID: 737198-A3      SUB1: 20DM SUB2:      DATE RCV:   05-27-2014
UNT  RCV..:1A           QTR RCV.: Z08-224LAD     FACL RCV: ATW
UNT  ORG..:UNIT B       QTR ORG.: B01-215U       FACL ORG: TCP
EVT FACL.: TCP     ACC LEV: WXR  1               RESP DUE:
ABSTRACT.: DHO HEARIN 03-13-13 CODE: 299
STATUS DT: 08-13-2014  STATUS CODE: REJ STATUS REASON: UTA
INCRPTNO.: 2331081  RCT:   EXT:   DATE ENTD: 08-13-2014
REMARKS..: AS STATED IN THE PREVIOUS REJECTION NOTICE YOUR
          APPEAL WAS SUBMITTED BACK TO OUR OFFICE UNTIMELY AND
          A STAFF MEMO FOR YOUR UNTIMELINESS IS NEEDED.


REGNO: 53214-018 NAME: DIEHL, DAVID
RSP OF...: CLP UNT/LOC/DST: I-1          QTR.: I01-105L   RCV OFC: BOP
REMEDY ID: 779886-A1      SUB1: 20DM SUB2:      DATE RCV:   07-21-2014
UNT  RCV..:1A           QTR RCV.: Z08-227LAD     FACL RCV: ATW
UNT  ORG..:1A           QTR ORG.: Z08-223LAD     FACL ORG: ATW
EVT FACL.: TCP     ACC LEV: WXR  1 BOP  1        RESP DUE:  FRI  09-19-2014
ABSTRACT.: DHO HEARING 11-18-13 CODE: 201
STATUS DT: 01-19-2016  STATUS CODE: CLD STATUS REASON: DNY
INCRPTNO.: 2506961   RCT: P EXT: P DATE ENTD: 08-18-2014
REMARKS..:

Fght shot
Closed at
central

G0002      MORE PAGES TO FOLLOW . . .

**FILED UNDER SEAL**